**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Gherman, | ) No. CV 07-1586-PHX-JAT |
| Petitioner, | ) **ORDER** |
| vs. | ) |
| Charles L. Ryan; et al., | ) |
| Respondents. | ) |

Several motions are pending before the Court. First, Petitioner seeks an extension of time to file his reply in support of his motion for discovery and motion for appointment of counsel. As this Court indicated in the Order of March 8, 2010, the Clerk's office did not reject the reply at Doc. #66 and the Court will consider that reply. Therefore, Petitioner does not need additional time to file an amended reply.

Next, Petitioner seeks to have this Court order Defendants to give him access to a word processor. This request is construed as a request for a mandatory injunction.[1] On this

---

[1] A prohibitory injunction preserves the status quo. *Johnson v. Kay*, 860 F.2d 529, 541 (2d Cir.1988). A mandatory injunction " 'goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored.' " *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir.1979) (quoting *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir.1976)). When a mandatory preliminary injunction is requested, the district court should deny such relief "'unless the facts and law clearly favor

1 record the Court finds no basis for Ordering Defendants to provide Plaintiff with a word
2 processor; accordingly, that request will be denied.

3 Finally, Petitioner has requested an extension of time to file his reply to his request
4 for an evidentiary hearing. Petitioner seeks an additional 30 days. The Report and
5 Recommendation in this case was filed September 30, 2009. By law, Petitioner had 10 days
6 to respond. Petitioner has sought and received various extensions of time to file his
7 objections. Beyond his objections, Petitioner has now also filed a request for appointment
8 of counsel, a request for discovery, and a request for an evidentiary hearing. The Court finds
9 giving Petitioner six months to get all of his briefing together to be more than adequate.
10 Accordingly, Petitioner will be granted an extension of time until April 1, 2010 to file this
11 last reply. Thereafter, the Court will proceed to considering this case; even if Petitioner fails
12 to have his reply on file by then. In other words, the will be no further extension of this
13 deadline.

14 Based on the foregoing,

15 **IT IS ORDERED** that Petitioner's motion for leave to file amended reply (Doc. #73)
16 is denied as unnecessary.

17 **IT IS FURTHER ORDERED** that Petitioner's motion for extension of time to file
18 his reply in support of his motion for evidentiary hearing (Doc. #74) is granted to the limited
19 extent that Petitioner has an extension of time until April 1, 2010 to file his reply.

20 **IT IS FURTHER ORDERED** that Petitioner's motion for access to a word processor
21 (Doc. #75) is denied.

22 / / /
23 / / /
24 / / /
25 / / /

---

the moving party.'" *Id.*
*Stanley v. Univ. of S. Calif.*, 13 F.3d 1313, 1320 (9th Cir. 1994).

1     **IT IS FINALLY ORDERED** that Respondents' motion for extension of time (Doc.
2 #76) to respond to the word processor motion is denied as moot.
3     DATED this 19th day of March, 2010.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge